ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

OPEN TECHNOLOGY FUND,

     *Appellee*,

  v.

KARI LAKE et al.,

     *Appellants*.

Case No. 26-5031

## MOTION TO DISMISS APPEAL

Appellee Open Technology Fund moves to dismiss this appeal as moot. Fed. R. App. P. 27.  The Appellants have already complied with the district court's order and there is no remaining justiciable dispute. This Court therefore lacks subject-matter jurisdiction.

## I.     RELEVANT BACKGROUND

Open Technology Fund is a private, non-profit organization with a congressionally mandated mission of developing, implementing, and maintaining technologies intended to circumvent authoritarian government censorship. On March 20, 2025, Open Technology Fund filed a federal complaint alleging that the U.S. Agency for Global Media ("USAGM") failed to comply with the Administrative Procedure Act when it issued a Notice of Grant Termination and

withheld funds Congress had expressly appropriated for Open Technology Fund. ECF 1.[1] Open Technology Fund simultaneously moved the court for a temporary restraining order. ECF 4. In response, USAGM withdrew its grant termination and disbursed Open Technology Fund's March 2025 operating funds. ECF 42. Despite that initial disbursement, however, USAGM continued withholding funds and, on October 10, 2025, Open Technology Fund moved for a preliminary injunction seeking disbursement. ECF 44. The parties also filed and fully briefed cross-motions for summary judgment, which remain pending. ECF 33, 34, 36, 40, 41.

On November 25, 2025, the district court granted Open Technology Fund's motion for preliminary injunctive relief and ordered USAGM to disburse $19,063,013 to Open Technology Fund in congressionally appropriated programmatic funds. *See* Att. 1.[2] USAGM did not immediately appeal or seek to stay the district court's order. Instead, on November 28, 2025, USAGM processed the payment and the money was transferred in full to Open Technology Fund. *See* Att. 2 (ECF 63). On January 26, 2026, USAGM filed a notice of appeal from the district court's order. ECF 65; Fed. R. App. P. 4(a).

---

[1] "ECF" cites are to the district court docket. The district court's ruling that USAGM is appealing (ECF 62) is included as Attachment 1 in accordance with Circuit Rule 27(f)(2).

[2] Separate and apart from the funds subject to the preliminary injunction, USAGM has not yet released $2,582,457 in Fiscal Year 2025 funds to Open Technology Fund, which are disbursed on a monthly basis to cover operational costs.

## II.    APPLICABLE LEGAL STANDARD

Generally, "a case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (quoting *Larsen v. U.S. Navy*, 525 F.3d 1, 3 (D.C. Cir. 2008)); *Planned Parenthood of Wis., Inc. v. Azar*, 942 F.3d 512, 516 (D.C. Cir. 2019) (appeal mooted by payment of grant funds in dispute). "'Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.'" *Conservation Force*, 773 F.3d at 1204 (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)).

## III.    ARGUMENT

This appeal is moot because the congressionally mandated funds Open Technology Fund sought to obtain through injunctive relief, and that are the subject of the district court's order, have been paid. *See, e.g.*, *Planned Parenthood of Wisconsin, Inc.*, 942 F.3d at 516 ("Now that the 2018 grant funds have been disbursed, this Court 'cannot reach them in order to award relief.'") (quoting *City of Houston v. HUD*, 24 F.3d 1421, 1426 (D.C. Cir. 1994)). The preliminary injunction was satisfied when USAGM disbursed the funds, and there is no practical, concrete relief this Court can now provide. "Indeed . . . this circuit's case law unequivocally provides that once the relevant funds have been obligated, a

3

court cannot reach them in order to award relief." *City of Houston*, 24 F.3d at 1426. The appeal is thus moot.

The United States recognized this rule under factually indistinguishable circumstances in other cases before this Court. In the consolidated appeal of the other USAGM grantees, *Widakuswara v. Lake*, No. 25-5144, *Radio Free Asia v. United States*, No. 25-5151, and *Middle East Broadcasting Network v. United States*, No. 25-5150, the government represented to this Court that because USAGM had fully disbursed the disputed grant funds before the appeal was taken, "the grants portion of these appeals is moot[.]" Att. 3 at 1 (USAGM Letter, *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir. Sep. 15, 2025)). The Government further recognized that "[a]n appeal from an order granting a preliminary injunction becomes moot when, because of the defendant's compliance or some other change in circumstances, nothing remains to be enjoined through a permanent injunction." *Id.* at 2 (quoting *Christian Knights of Ku Klux Klan Invisible Empire, Inc. v. District of Columbia*, 972 F.2d 365, 369 (D.C. Cir. 1992) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981))).

Like in those cases, here, USAGM complied with the district court's order and disbursed the subject funds. Thus, "the only issue presently before [the Court]—the correctness of the decision to grant a preliminary injunction—is moot," and the appeal should be dismissed. *Camenisch*, 451 U.S. at 394, 396

("when the injunctive aspects of a case become moot on appeal of a preliminary injunction, any issue preserved by an injunction bond can generally not be resolved on appeal, but must be resolved in a trial on the merits."); *Planned Parenthood of Wisconsin, Inc.*, 942 F.3d at 516 ("[W]e lose jurisdiction if a case becomes moot while an appeal is pending[.]" (citation omitted)).

The United States' framing of the issue on appeal as one of regulatory interpretation does not save it from dismissal. *See* Statement of Potential Issues to Be Raised on Appeal at 1 (Feb. 27, 2026) (articulating the potential issue on appeal as "[w]hether the district court erred in entering a preliminary injunction against a reimbursement practice designed to align the agency's procedures with governing regulations"). The district court vacated USAGM's decision to withhold the (now paid) programmatic funds "and its *related interpretation* of 2 C.F.R. § 200.305(b)(2) . . . ." Att. 1 at 26 (emphasis added).

The district court arrived at its holding based, in part, on its reasoning that USAGM's reinterpretation of 2 C.F.R. § 200.305(b) was nothing more than an impermissible "classic post-hoc rationalization[]" for the agency's action. *Id.* at 21. The court noted that USAGM's newfound interpretation occurred "in one fell swoop" with its refusal to disburse the appropriated funds, *id.* at 15, USAGM "gave *no* reason for its departure from prior practices at the time it acted," *id.* at 18 (emphasis original), and "refused even to acknowledge that its decision to withhold

5

congressionally appropriated funds was predicated on a changed interpretation of federal regulations, let alone provide an explanation for it," *id.* at 20. Based on this line of reasoning, the district court vacated the withholding decision but recognized that USAGM might "pursue its preferred cash-disbursement procedures in the future." *Id.* at 23.

USAGM's attempt to invoke this Court's jurisdiction to challenge the district court's *reasoning* should be rejected. "It is not the memorandum of the District Court" that is on appeal, but rather the judgment itself. *Doe. v. Gates*, 981 F.2d 1316, 1321 (D.C. Cir. 1993). And because the Court lacks jurisdiction over the appeal, it may not weigh in on the underlying reasoning of the district court. The Court may not "decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it." *People of California v. San Pablo & T.R. Co.*, 149 U.S. 308, 314 (1893).

Because this appeal is moot, this Court should dismiss and remand it to the district court to resolve the pending motions for summary judgment.

## IV.    CONCLUSION

For the foregoing reasons, Open Technology Fund respectfully asks this Court to dismiss this appeal and remand to the district court for further proceedings.

6

Respectfully submitted,

/s/ *Patrick O. Daugherty*
Patrick O. Daugherty
Michael Farber
Taylor Mayhall
Van Ness Feldman, LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 298-1800
Facsimile: (202) 338-2416
Email: pod@vnf.com
         mfarber@vnf.com
         tmayhall@vnf.com

Sophia E. Amberson
Liberty Quihuis
Van Ness Feldman, LLP
1191 Second Avenue
Suite 1800
Seattle, WA 98101
Telephone: (206) 623-9372
Email: samberson@vnf.com
         lquihuis@vnf.com

Attorneys for Open Technology Fund

March 16, 2026

7

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS</u>

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,291 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Respectfully submitted,

/s/ *Patrick Daugherty*
Patrick Daugherty

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure and Circuit

Rule 25, I hereby certify that I have this day caused to be served, through the

Notice of Activity generated by the court's Case Management/Electronic Case

Files system, the foregoing document upon the parties listed below.

> Douglas C. Dreier
> Daniel Tenny
> U.S. Department of Justice
> (DOJ) Civil Division, Appellate Staff
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530
> Telephone: (202) 514-4452
> Email: douglas.c.dreier@usdoj.gov
> daniel.tenny@usdoj.gov

> Respectfully submitted,
>
> /s/ *Patrick Daugherty*
> Patrick Daugherty

March 16, 2026

9